## 10911

### COOPER v. BOYLSTON

(113 S. E. 347)

1. LIENS—LIEN ON PROCEEDS OF LOAN HELD WAIVED BY DIRECTING PAYMENT TO DEFENDANT.—Defendant gave as collateral security for two notes executed to plaintiff an order on his attorneys to pay the notes out of the proceeds of a loan which they were negotiating for him. *Held,* that plaintiff waived the right to enforce an equitable lien on the proceeds of the loan by consenting, and, in fact, directing, that the check therefor be made and delivered to defendant.

2. INJUNCTION—TEMPORARY INJUNCTION NOT GRANTED WHERE RIGHT DEPENDS ON COMPLICATED RELATIONS OF THE PARTIES.—A temporary injunction will not lie where the right depends upon the complicated relations of the parties, and the issues can only be properly determined by the testimony upon a trial of the case.

Before WHALEY, J. County Court, Richland, February, 1921. Reversed.

Action by J. Hughes Cooper against W. C. Boylston. From order of injunction the defendant appeals.

*Messrs. Graydon & Graydon* and *J. H. Hammond,* for appellant, cite: *Action was a legal one, not equitable as in* 106 S. C. 386; *And should have been tried before a jury*: Code Proc. 1912, Sec. 312; 17 S. C. 32; *Granting of injunction was abuse of discretion;* 88 S. C. 464; 27 S. C. 408; 84 S. C. 37; 78 S. C. 222; 66 S. C. 1; *Unsupported allegation of*

*insolvency of defendant insufficient*: 18 S. C. 526; 23 S. C. 402.

Mr. *James S. Verner,* for respondent, cites: *Order to attorneys was an assignment of funds in their hands*: 28 S. C. 211; *Court had authority to issue temporary injunction*: Pom. Eq. Jur. Secs. 1339-40; 106 S. C. 386; *Injunction leaves defendant in possession of money but restrains him from doing away with it*: Code Proc. 1912, Sec. 270; 69 S. C. 159.

July 5, 1922.

The opinion of the Court was delivered by Mr. Justice Cothran.

Appeal from an order of injunction directed to the defendant and the National State Bank, enjoining the defendant from collecting and the bank from paying a certain check given by Nelson, Gettys & Mullins to the defendant for $825.33, the proceeds of a loan negotiated for the defendant from a client of said attorneys.

The plaintiff's complaint contains two alleged causes of action. In the first cause of action it is alleged that on February 5, 1921, the defendant, who was indebted to the plaintiff by two notes, one for $50, dated February 4, 1921, and the other for $200, dated February 5, 1921, each due one day after date, gave to the plaintiff as collateral security to said notes an order on Nelson, Gettys & Mullins, attorneys, for the payment of said notes out of the proceeds of a loan which said attorneys had arranged to be made to the defendant by one of their clients; that on February 23, 1921, the defendant received from said attorneys a check on the National State Bank for $825.33, the proceeds of said loan, and declined to apply any part of it to the notes, as he had agreed to do; that the plaintiff has an equitable lien upon the check for the amount of said two notes; and that the defendant is practically insolvent.

In the second cause of action it is alleged that on February 5, 1921, the defendant give the plaintiff an option upon a note and mortgage held by him for $13,000, at a discount of about $5,230, the option expiring on February 8, 1921, and providing that in complying with it the plaintiff should discharge a certain judgment and a certain mortgage against the defendant aggregating about $7,716.40; it is not distinctly alleged, but we infer, that the plaintiff failed to take up the option, but secured a purchaser for the mortgage at $9,500, an advance of $1,730.10 over what his option provided for; that the $9,500 was paid to the plaintiff, and he discharged the judgment and mortgage outstanding against the defendant; that the plaintiff claimed and was paid (that is, he retained) out of the proceeds of the sale of the mortgage $1,289.25 as a part of the profit and agreed fee and commissions upon resale of the mortgage; that the plaintiff is entitled to the sum of $1,730.10 as profits upon the resale of the mortgage—that is, the difference between the amount collected, upon the assignment of the mortgage, $9,500, and the amount of his option, $7,769.90; that the plaintiff loaned and advanced to the defendant out of the money that was due to the plaintiff two sums of money, $440.85 and $145.65, total $586.50, which the defendant promised and agreed to return to the plaintiff out of the proceeds of the loan which was to be negotiated for him by Nelson, Gettys & Mullins, attorneys; that on February 23, 1921, the defendant received from said attorneys a check on the National State Bank for $825.33, the proceeds of said loan and advances, as he had agreed to do; that the plaintiff has an equitable lien upon the check for the amount of same, and that the defendant is practically insolvent.

Upon the complaint the presiding Judge issued a rule requiring the defendant to show cause why an injunction

*pendente lite* should not be issued. The defendant made a voluminous return, admitting the execution of the notes and order referred to in the first cause of action, but alleging that subsequently thereto the parties had other transactions which involved a liability of the plaintiff to the defendant.

Upon the hearing an affidavit was submitted of W. S. Nelson, Esq., a member of the firm of Nelson, Gettys & Mullins, to the effect that, after the loan had been completed, and a balance of $825.33 was coming to the defendant, the parties met in his office, and by agreement between plaintiff and defendant, the check was made payable to the defendant, and handed to him; "Mr. Cooper stated that deponent could just give the check for the full amount to Dr. Boylston and that he and Dr. Boylston would go down to settle the matter between them."

The presiding Judge granted a temporary injunction as prayed for, and the defendant has appealed.

So far as the injunction is based upon the alleged lien of the plaintiff created by the order of the defendant to Nelson, Gettys & Mullins directing them to pay the two notes of $50 and $200 out of the proceeds of the loan, the plaintiff waived his right to insist upon that lien by consenting, and in fact directing, that the check be made to defendant and delivered to him. His conduct in so doing clearly supports the contention of the defendant that, subsequently to the execution of the notes and order upon the attorneys, other transactions had intervened between the parties demanding what the plaintiff contemplated, an adjustment and settlement of them. If nothing else in the way of business transactions existed between them, there was no reason why the plaintiff did not take from the attorneys a check for what was coming to him out of the funds at the time he directed that the check be made to defendant.

As to the second cause of action, the right of the plaintiff to a lien upon the check is so dependent upon a proper solution of the complicated relations of the parties as evidenced by the complaint, independently of the defendant's return, that the issues between the parties can only be properly determined by the testimony.

The judgment of this Court is that the order appealed from be reversed.